IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KIMBERLY MONIQUE ROSS**                                              **PLAINTIFF**

v.                                            CIVIL ACTION NO. 3:25-cv-357-KHJ-MTP

**CAPTAIN STEPHANIE HORNE**                                    **DEFENDANT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Defendant Captain Stephanie Horne's Motion to Dismiss [16] and Plaintiff Kimberly Ross's Motion for Relief [19] and Motion for Expedited Evidentiary Hearing [24]. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Court grant the Motion to Dismiss [16] but permit Ross an opportunity to seek leave to amend her complaint and deny the Motion for Relief [19] and Motion for Expedited Evidentiary Hearing [24].

**Background**

Since February of this year, Ross, proceeding *pro se*, has filed ten lawsuits in this Court. Most of these cases relate to a child-custody matter litigated in a state chancery court and the interactions underlying and arising from that state-court matter. The child-custody dispute was between Ross's fiancée (or "companion" as Ross often describes her), Azelea Christian, and Christian's ex-wife, Lolita Bailey-Christian.

In one of her lawsuits in this Court, *Ross v. Bailey-Christian*, No. 3:25-cv-356-KHJ-MTP, Ross alleged that Bailey-Christian falsely reported to the University of Mississippi Medical Center ("UMMC")[1] that Ross had impersonated medical personnel and assaulted her, which

---

[1] The child of Christian and Bailey-Chirstian received recurring medical treatment at UMMC.

resulted in Ross being banned from all UMMC properties.[2]  The instant action relates to Ross's interaction with one of the officers at UMMC, Captain Horne.

Ross filed her initial Complaint [1] in this action on May 16, 2025, alleging that Captain Horne "unlawfully trespassed [Ross] from all UMMC campuses without notice, cause, hearing, or explanation, thereby violated [Ross's] due process rights under the Fourteenth Amendment." [1] at 2.  Additionally, Ross alleged that Captain Horne disclosed the police report—which falsely claimed Ross impersonated medical personnel—to Bailey-Christian after refusing to provide the report to Ross. *Id*.  Allegedly, Bailey-Christian then used the "defamatory and unfounded report" to obtain a restraining order against Ross. *Id*.  Ross also alleged that after she served a formal notice of intent to sue on UMMC and its officials, UMMC retaliated by serving her with a formal trespass notice. *Id*. at 3.  In the Complaint, Ross listed the following claims:

> Count I—Violation of Civil Rights (42 U.S.C. § 1983—Due Process and Equal Protection)
>
> Count II—Retaliation for Exercise of Constitutional Rights (First Amendment)
>
> Count III—Negligent and Intentional Infliction of Emotional Distress
>
> County IV—Violation of Privacy Right/Unlawful Disclosure

*Id*.

On July 22, 2025, however, Plaintiff filed an Amended Complaint [13].  What exactly Ross achieved with this amendment is an issue raised by Captain Horne's Motion to Dismiss [16].

---

[2] The Court, under 1915(e)(2)(B)(ii), dismissed *Ross v. Bailey-Christian*.  Specifically, the Court dismissed with prejudice Ross's federal claims brought under 42 U.S.C. § 1983 for failure to state a claim as Ross failed to allege sufficient facts showing that Bailey-Christian was a state actor.  The Court also declined to exercise supplemental jurisdiction over Ross's state-law claims. *See Ross*, No. 3:25-cv-356-KHJ-MTP, [13].

2

Captain Horne filed her Motion to Dismiss [16] on August 4, 2025, arguing first that this Court lacks subject matter jurisdiction over the case because Ross neither pleads federal claims nor alleges diversity jurisdiction in her Amended Complaint. As a result, says Captain Horne, this action must be dismissed pursuant to Fed. R. Civ. 12(b)(1).

Captain Horne also argues that Ross's state-law claims (the only claims raised in the Amended Complaint) should be dismissed because: (1) they arise from the same facts previously litigated and dismissed with prejudice in state court and are, therefore, barred by the doctrine of collateral estoppel, (2) they are barred by the Mississippi Tort Claims Act ("MTCA") due to Ross's failure to provide proper pre-suit notice to UMMC, and (3) they are barred by the applicable statute of limitations.

Plaintiff filed a Response [18] opposing the Motion to Dismiss [16], a Motion for Relief Under Rule 60(b)(3) [19] arguing that Captain Horne has committed a fraud upon the Court concerning the dismissal of her state-court action, and a Motion for Expedited Evidentiary Hearing [24].

**Motion to Dismiss [16]**

In her Motion to Dismiss [16], Captain Horne attacks the Court's subject matter jurisdiction under Rule 12(b)(1) and also attacks Ross's state-law claims citing collateral estoppel, the MTCA, and the applicable statute of limitations. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. US*, 281 F.3d 158, 161 (5th Cir. 2001). Considering the jurisdictional attack first prevents a court without jurisdiction from prematurely dismissing a case with prejudice and allows a plaintiff to pursue

her claim in a court with jurisdiction. *Id*. Thus, the undersigned will first address subject matter jurisdiction.

A party, via a Rule 12(b)(1) motion, may present two types of challenges to a federal court's subject matter jurisdiction: one facial and the other factual. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a facial challenge, the movant argues that the allegations in the complaint are insufficient to support jurisdiction. Such a challenge requires the court to accept all allegations in the complaint as true to determine whether there is subject matter jurisdiction. *See Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). On the other hand, in a factual challenge, the movant may present evidence along with its argument contesting the facts plead concerning subject matter jurisdiction, and the court is not necessarily limited to the complaint but instead has discretion to consider any evidence submitted by the parties. *Paterson*, 644 F.2d at 523.

Captain Horne's is a facial challenge. She asserts that Ross neither pleads federal claims nor alleges diversity jurisdiction in her Amended Complaint [13]. Thus, resolution of the Motion [16] is limited to Ross's allegations. But, that raises the question of which allegations should be considered.

As previously mentioned, Ross filed a Complaint [1] and an Amended Complaint [13]. Ordinarily, an amended complaint entirely supersedes an original complaint, rendering it of no legal effect—that is, unless "the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Here, the Amended Complaint [13] does not incorporate, or even reference, the Complaint [1], and there is nothing in the Amended Complaint [13] which suggests the amendment was intended to supplement rather than supplant the Complaint [1]. Accordingly, the Amended

Complaint [13] "has become the operative one." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025).

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Federal subject matter jurisdiction requires diversity of citizenship or a federal question, that is an action "arising under the Constitution, laws, or treaties of the United States," or complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000.00. 28 U.S.C. §§ 1331, 1332.

Ross does not allege in the Amended Complaint [13] that the parties are diverse, and in her Response [18] to the Motion to Dismiss [16], Ross concedes that she is not attempting to establish complete diversity of citizenship. *See* [18] at 2.

As for federal question jurisdiction, Ross argues in her Response [18] that she asserted claims under "42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C § 12101 et seq., Section 504 of the Rehabilitation Act of 1973, and the Fourteenth Amendment of the United States Constitution, among other federal laws and constitutional provisions." *See* [18] at 1. Contrary to Ross's contention, she does not expressly raise these claims. Nowhere in the Amended Complaint [13] does she mention the Fourteenth Amendment, § 1983, the ADA, or the Rehabilitation Act.

Moreover, "even though a particular statute or rule need not necessarily be cited by name . . . the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation omitted). And,

5

while complaints filed by pro se plaintiffs are liberally construed, the Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court is "not obligated to search out the identity of a party's vaguely-pleaded claims." *Dean v. Kreider*, 2024 WL 4701474, at *2 (N.D. Tex. Oct. 18, 2024) (citation omitted).

To state a claim under either Title II of the ADA or the Rehabilitation Act, a plaintiff must allege that (1) she has a qualifying disability, (2) she was denied the benefits of services, programs, or activities for which the public entity was responsible, or was otherwise discriminated against by the public entity, and (3) the discrimination was based on her disability. *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011); *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000). Ross pleads no facts that would give rise to a reasonable inference that Captain Ross discriminated against her based on a disability.

Additionally, the Amended Complaint—unlike the original Complaint—does not mention due process, equal protection, or any other provision of the Fourteenth Amendment. It also lacks factual allegations demonstrating how federal law applies to Ross's claims. The Amended Complaint is "too ambiguous to establish federal question jurisdiction definitively." *Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017).

Ross is the "master of the complaint," and she has the right to ditch her federal claims. *See Royal Canin*, 604 U.S. at 34-35; *see also Estrada v. Dominguez*, 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001) ("The plaintiff is the master of his own pleading, and even a pro se litigant has the right to plead himself out of court, just as an attorney may do."); *Sierra v. Dallas Cnty., Dist. Attorney's Off.*, 2023 WL 7285930, at *5 (N.D. Tex. Oct. 18, 2023) ("Inferring that [plaintiff] intended to bring any claims under Section 1983 risks usurping [plaintiff's] role as the

6

master of his complaint and ignores the strict boundaries of the Court's limited jurisdiction that it is duty-bound to respect.").

"[W]hen the plaintiff . . . amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of adjudicatory power." *Royal Canin*, 604 U.S. at 32-33. In other words, the Court is not authorized to resolve the remaining state-law claims. *Id*. at 34. This action is thus subject to dismissal without prejudice for lack of jurisdiction.

Ordinarily, a *pro se* plaintiff should be offered an opportunity to amend her complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). However, the opportunity to amend discussed in *Brewster* is afforded to a plaintiff when her complaint is being dismissed with prejudice, such as for failure to state a claim under Rule 12(b)(6). Here, Ross's Amended Complaint would not be dismissed with prejudice, but would be dismissed without prejudice under Rule 12(b)(1). Therefore, the policy considerations supporting a *pro se* plaintiff's opportunity to amend do not apply squarely to this case.

Nevertheless, "an amendment normally should be permitted by the court and is preferable to a dismissal whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff." Wright & Miller, § 1214 Pleading Jurisdiction—Consequences of Failure to Comply with Rule 8(a)(1), 5 Fed. Prac. & Proc. Civ. § 1214 (4th ed.). The original Complaint makes it clear that Plaintiff can state a basis for federal jurisdiction if she so chooses.

The undersigned, therefore, recommends that the Court grant the Motion to Dismiss [16] but permit Ross an opportunity to seek leave to amend within 14 days of the Court's order. If Ross does not seek leave to amend within the 14-day period, the Court should dismiss this action

without prejudice and enter a final judgment in accordance with Fed. R. Civ. P. 58 with no further notice.

**Motion for Relief Under Rule 60(b)(3)**

On August 8, 2025, Ross filed a Motion for Relief [19]. In the Motion [19], Ross explains that on September 26, 2024, the Hinds County Circuit Court dismissed with prejudice her lawsuit against Captain Horne. According to Ross, Captain Horne obtained the dismissal through fraud by falsely representing that Ross failed to provide proper pre-suit notice as required by the MTCA. Ross asserts that she has proof of proper notice.

Ross requests that the Court grant relief under Rule 60(b)(3) based on the fraud committed. Ross also requests that the Court disregard Captain Horne's reliance on the state-court judgment as a basis for dismissal of this action and allow her claims to go forward.

Rule 60(b) provides that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(3). Rule 60(b), however, is not an appropriate vehicle for a collateral attack on a state-court judgment. *See Wahington-Baltimore Newspaper Guild, Local 35 v. Washinton Post Co.*, 442 F.2d 1234, 1239 (D.C. Cir. 1971) ("Of course, neither Rule 60(b) per se nor, for that matter, any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts."). Rule 60(b) motions must be brought in the court and in the action in which the judgment was rendered. *See Johnson v. Director, TDCJ-CID*, 2010 WL 4720872, at *1 (E.D. Tex. Nov. 15, 2010) ("Rule 60 . . . provides a vehicle for a litigant to seek reconsideration of a decision by the same court which had originally rendered that decision") (collecting cases and other authority); *U.S. v. Houshar*,

2006 WL 562206, at *9 (E.D. Pa. Mar. 7, 2006) (collecting cases and other authority). Thus, to the extent Ross seeks relief from a state-court judgment under Rule 60(b), the Motion [19] should be denied.

Additionally, to the extent Ross seeks to have this Court disregard the state-court judgment as it relates to her state-law claims pending before this Court, the Motion [19] should be denied. As explained above, Ross has failed to allege subject matter jurisdiction, and without jurisdiction over this action, the Court is not authorized to resolve Ross's state-law claims. *See Royal Canin*, 604 U.S. at 34.

**Motion for Expedited Evidentiary Hearing [24]**

On December 15, 2025, Ross filed a Motion for Expedited Evidentiary Hearing [24]. In the Motion [24], Ross seeks an expedited evidentiary hearing allowing her to present evidence in support of her claims and also seeks for the Court to "[r]ecognize that Defendant's prior actions constitute ongoing violations of Plaintiff's constitutional rights" and grant her preliminary relief. As explained above, however, Ross has failed to allege subject matter jurisdiction. Unless and until the Court has subject matter jurisdiction over Ross's claims, the Court must not address the merits of her claims. The request for an expedited evidentiary hearing should be denied.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that:

1. The Court grant the Motion to Dismiss [16] but permit Ross an opportunity to seek leave to amend within 14 days of the Court's order.

2. The Court dismiss this action without prejudice and enter a final judgment in accordance with Fed. R. Civ. P. 58 with no further notice if Ross does not seek leave to amend within the 14-day period.

3. The Court deny the Motion for Relief [19].

4. The Court deny the Motion for Expedited Evidentiary Hearing [24].

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 17th day of December, 2025.

s/ Michael T. Parker
United States Magistrate Judge
