UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIMBERLY MONIQUE ROSS               PLAINTIFF

V.                          CIVIL ACTION NO. 3:25-CV-357-KHJ-MTP

CAPTAIN STEPHANIE HORNE              DEFENDANT

ORDER

Before the Court is the [27] Report and Recommendation of United States Magistrate Judge Michael T. Parker. The [27] Report recommends granting Defendant Stephanie Horne's ("Horne")[1] [16] Motion to Dismiss but permitting Plaintiff Kimberly Monique Ross ("Ross") an opportunity to seek leave to amend within 14 days of the Court's order. R. & R. [27] at 9. The [27] Report also recommends denying Ross's [19] Motion for Relief and [24] Motion for Expedited Evidentiary Hearing. *Id.* Written objections to the [27] Report were due by December 31, 2025. *See id.* at 10. And the [27] Report notified the parties that failure to file written objections by that date would bar them from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *See id.* No party objected, and the time to do so has passed.

The Court must review de novo a magistrate judge's report only when a party objects to the report within 14 days of being served with a copy. 28 U.S.C.

---

[1] Although the [13] First Amended Complaint, [27] Report, and other filings read "Captain Stephanie Horne," Horne's last name is spelled "Horn." [16] at 1. For consistency, the Court does not correct Horne's name in this Order.

§ 636(b)(1). When no party timely objects, the Court applies "the clearly erroneous, abuse of discretion and contrary to law standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam) (citation modified). And the Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

      The [27] Report concludes that this case should be dismissed for lack of subject matter jurisdiction because the [13] First Amended Complaint fails to establish diversity or federal question jurisdiction. [27] at 5–6, 7. But because Ross's original [1] Complaint suggests Ross could state a basis for federal question jurisdiction, the [27] Report recommends allowing Ross 14 days to seek leave to amend her [13] First Amended Complaint to state a basis for jurisdiction. *Id.* at 7–8. Further, the [27] Report recommends denying Ross's [19] Motion for Relief because Ross improperly seeks relief in this Court from a state court judgment. *Id.* at 8–9. And the [27] Report recommends denying Ross's [24] Motion for Expedited Evidentiary Hearing because the Court may not address the merits of Ross's claim unless and until it has subject matter jurisdiction. *Id.* at 9.

      The Court finds that the [27] Report is not clearly erroneous, an abuse of discretion, or contrary to law. So the Court adopts the [27] Report as its opinion.

      For the reasons stated above, the Court ADOPTS the [27] Report, GRANTS the [16] Motion, and DENIES the [19, 24] Motions. But the Court will allow Ross to seek leave to amend within 14 days of receipt of this Order. If Ross seeks leave to amend, she must attach a copy of her proposed amended complaint to her motion in

accordance with Local Uniform Civil Rule 15. If Ross does not properly seek leave to amend within 14 days, the Court will enter a final judgment, dismissing the case without further notice.

SO ORDERED, this 5th day of January, 2026.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE