## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**KIMBERLY MONIQUE ROSS**                                        **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:25-cv-357-KHJ-MTP**

**CAPTAIN STEPHANIE HORN**                                        **DEFENDANT**

### <u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on Plaintiff Kimberly Ross's Motion for Temporary Restraining Order and Preliminary Injunction [29] and Motion for Temporary Restraining Order [35] and Defendant Captain Stephenie Horn's Motion to Strike Improper Pleadings and Motions [38]. Having considered the parties' submissions and the record, the undersigned recommends that Defendant's Motion to Strike Improper Pleadings and Motions [38] be GRANTED in part and DENIED in part and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [29] and Motion for Temporary Restraining Order [35] be DENIED.

**Background**

Since February of this year, Ross, proceeding *pro se*, has filed ten lawsuits in this Court. Most of these cases relate to a child-custody matter litigated in a state chancery court and the interactions underlying and arising from that state-court matter. The child-custody dispute was between Ross's fiancée (or "companion" as Ross often describes her), Azelea Christian, and Christian's ex-wife, Lolita Bailey-Christian.

In one of her lawsuits in this Court, *Ross v. Bailey-Christian*, No. 3:25-cv-356-KHJ-MTP, Ross alleged that Bailey-Christian falsely reported to the University of Mississippi Medical Center ("UMMC")[1] that Ross had impersonated medical personnel and assaulted her, which

---

[1] The child of Christian and Bailey-Chirstian received recurring medical treatment at UMMC.

resulted in Ross being banned from all UMMC properties.[2]  The instant action relates to Ross's interaction with one of the officers at UMMC, Captain Horn.

Ross filed her initial Complaint [1] in this action on May 16, 2025, alleging that Captain Horn "unlawfully trespassed [Ross] from all UMMC campuses without notice, cause, hearing, or explanation, thereby violated [Ross's] due process rights under the Fourteenth Amendment." [1] at 2.  Additionally, Ross alleged that Captain Horn disclosed the police report—which falsely claimed Ross impersonated medical personnel—to Bailey-Christian after refusing to provide the report to Ross.  *Id*.  Allegedly, Bailey-Christian then used the "defamatory and unfounded report" to obtain a restraining order against Ross.  *Id*.  Ross also alleged that after she served a formal notice of intent to sue on UMMC and its officials, UMMC retaliated by serving her with a formal trespass notice.  *Id*. at 3.  In the Complaint, Ross listed the following claims:

Count I—Violation of Civil Rights (42 U.S.C. § 1983—Due Process and Equal Protection)

Count II—Retaliation for Exercise of Constitutional Rights (First Amendment)

Count III—Negligent and Intentional Infliction of Emotional Distress

County IV—Violation of Privacy Right/Unlawful Disclosure

*Id*.

On July 22, 2025, however, Ross filed an Amended Complaint [13] ditching her federal claims.  Thereafter, Captain Horn filed a Motion to Dismiss [16] arguing that this Court lacked

---

[2] The Court, under 1915(e)(2)(B)(ii), dismissed *Ross v. Bailey-Christian*.  Specifically, the Court dismissed with prejudice Ross's federal claims brought under 42 U.S.C. § 1983 for failure to state a claim as Ross failed to allege sufficient facts showing that Bailey-Christian was a state actor.  The Court also declined to exercise supplemental jurisdiction over Ross's state-law claims. *See Ross*, No. 3:25-cv-356-KHJ-MTP, [13].

subject matter jurisdiction over the case because Ross neither pled federal claims nor alleged diversity jurisdiction in her Amended Compliant [13].

On December 17, 2025, the undersigned entered a Report and Recommendation [27] concluding that the Amended Complaint [13] failed to establish diversity or federal question jurisdiction.  The undersigned recommended that the Motion to Dismiss [16] be granted but that Ross be given 14 days to seek leave to file another amended complaint stating a basis for jurisdiction. *See* [27].

On December 29, 2025, before the District Judge entered a ruling on the Report and Recommendation [27], Ross filed a Motion for Leave to File Amended Complaint [28], a Motion for Joinder of Additional Parties [30], and a Motion for Temporary Restraining Order and Preliminary Injunction [29].  Then, on January 5, 2026, the District Judge adopted the undersigned's Report and Recommendation [27], granted the Motion to Dismiss [16], and provided Ross an opportunity to amend her complaint. *See* Order [33].

On January 12, 2026, before her prior Motions [28] [29] [30] were considered, Ross filed another Motion for Leave to File Amended Complaint [34], another Motion for Joinder of Additional Parties [36], and another Motion for Temporary Restraining Order [35].

Thereafter, Captain Horn filed a Motion to Strike [38] requesting that the Court strike the Motions for Joinder of Additional Parties [30] [36] and the Motions for Temporary Restraining

Order [29] [35].  Captain Horn also requests that the Court strike Ross's Rule 12 Statement [31][3] and Notices of Filings [32] [37].[4]

On this date, the Court denied Ross's Motions for Leave to File Amended Complaint [28] [34] and Motions for Joinder of Parties [30] [36]. *See* Order [48].  The Court also provided Ross another opportunity to seek leave to file an amended complaint.

**Analysis**

In her Motions [29] [35], Ross seeks a temporary restraining order and preliminary injunction.  To obtain either of these, Ross must satisfy the stringent requirements set forth in *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618 (5th Cir. 1985). Accordingly, Ross must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) that the injunction will not have an adverse effect on the public interest. *Id*. at 621; *Women's Med. Ctr. of NW Houston v. Bell*, 248 F.3d 411, 419 (5th Cir. 2001).  These requirements are not balanced.  Instead, each one must be met before the Court can provide relief.  "[A] preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion" on all four requirements. *TitleMax of Texas, Inc. v. City of Dallas*, 142 F.4th 322, 328 (5th Cir. 2025).  "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light*, 760 F.2d at 621.

---

[3] In her Statement [31], Ross asserts that she has plausibly alleged violations of the First, Fourth, and Fourteenth Amendments.  It is not apparent why Ross refers to this as a statement under "Rule 12."

[4] In her Notices [32] [37], Ross gives notice that she filed motions for leave to amend, motions for joinder, motions for temporary restraining order, and a Rule 12 statement

For her part, Captain Horn requests that the Court strike Ross's Motions for Temporary Restraining Order [29] [35] pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

To the extent the Motion to Strike [38] requests the denial of Ross's Motions for Temporary Restraining Order [29] [35], the Motion [38] should be granted. As Captain Horn notes, the Court granted her Motion to Dismiss [16] based on a lack of subject matter jurisdiction. Additionally, the Court on this day denied Ross's Motions for Leave to File Amended Complaint [28] [34]. Thus, the record contains no operative complaint, and the Court lacks subject matter jurisdiction over this action.

"A party seeking a TRO cannot establish a 'substantial likelihood of success on the merits' of his claim if the court concludes that it lacks jurisdiction to adjudicate the claims altogether." *Nianga v. Wolfe*, 435 F. Supp. 3d 739, 743 (N.D. Tex. 2020). Indeed, in its Order [33] granting the Motion to Dismiss [16], the Court specifically noted that it "may not address the merits of Ross's claim unless and until it has subject matter jurisdiction." *See* [33]. Because the Court lacks subject matter jurisdiction over this action, the Court should deny Ross's Motions for Temporary Restraining Order [29] [35].

Captain Horn, however, has failed to demonstrate that the Motions for Temporary Restraining Order [29] [35] should be stricken from the record. Likewise, Captain Horn has failed to demonstrate that the Motions for Joinder of Additional Parties [30] [36] (which were denied via Order [48]), the Rule 12 Statement [31], and Notices of Filings [32] [37] should be stricken from the record.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Defendant's Motion to Strike Improper Pleadings and Motions [38] be GRANTED in part and DENIED in part;

2. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [29] be DENIED; and

3. Plaintiff's Motion for Temporary Restraining Order [35] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 19th day of February, 2026.

s/ Michael T. Parker
United States Magistrate Judge

6