UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIMBERLY MONIQUE CHRISTIAN                          PLAINTIFF

V.                                        CIVIL ACTION NO. 3:25-CV-357-KHJ-MTP

CAPTAIN STEPHANIE HORN                              DEFENDANT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [49] Report and Recommendation. For the reasons below, the Court adopts the [49] Report, grants in part and denies in part Defendant Stephanie Horn's ("Horn") [38] Motion to Strike, and denies pro se Plaintiff Kimberly Monique Christian's[1] ("Christian") [29] Motion for Temporary Restraining Order/Preliminary Injunction and [35] Motion for Temporary Restraining Order.

I.      Background

Christian filed her initial [1] Complaint in May 2025, listing the following claims against Horn: "Violation of Civil Rights (42 U.S.C. § 1983—Due Process and Equal Protection)," "Retaliation for Exercise of Constitutional Rights (First Amendment)," "Negligent and Intentional Infliction of Emotional Distress," and "Violation of Privacy Right/Unlawful Disclosure." Compl. [1] at 3. But a few months later, Christian filed her [13] Amended Complaint in which she abandoned her

---

[1] The Court recently granted Plaintiff's [42] Motion to Amend Case Caption and changed Plaintiff's name on the docket from "Kimberly Monique Ross" to "Kimberly Monique Christian." *See* Order [51].

federal law claims. *See* Am. Compl. [13]. Horn moved to dismiss for lack of subject matter jurisdiction because the operative complaint no longer contained federal claims and the parties were not diverse. *See* Mot. to Dismiss [16].

Since filing her [13] First Amended Complaint, Christian has inundated the Court with motions. *See* [19], [24], [28], [29], [30], [34], [35], [36], [42], [43], [44], [53], [54]. The Court has ruled on some of these motions, and others remain pending. As it stands, the [33] Order dismissed the [13] First Amended Complaint but allowed Christian to amend it. Order [33] at 2–3. But the Court denied two motions for leave to amend. *See* Order [48]. So there is still no operative complaint. The [49] Report addresses Christian's [29, 35] Motions for Temporary Restraining Order and Horn's [38] Motion to Strike.

The [29] Motion asks the Court to "[i]mmediately suspend enforcement of the trespass, [p]ermit [Christian] access to UMMC facilities for herself and her minor child, [and] [p]revent Defendants from retaliatory enforcement." [29] at 2. And the [35] Motion asks the Court for "[i]mmediate halt of trespass enforcement; [p]rohibition on arrest, detention, or threats; [p]reservation of access to medical care and family; [and] [a]ny other relief deemed just." [35] at 1–2. Horn's [38] Motion asks the Court to strike or deny all the pending motions. Mot. to Strike [38] at 5.

Judge Parker prepared the [49] Report in response to the [29, 35, 38] Motions. *See* [49]. He explained that "the record contains no operative complaint," so the Court lacks subject matter jurisdiction over this action. *Id.* at 5. Accordingly, he recommends denying Christian's [29, 35] Motions for lack of subject matter

jurisdiction. *Id.* He also recommends granting Horn's [38] Motion to the extent it seeks denial of the [29, 35] Motions for lack of subject matter jurisdiction but denying it to the extent it asks the Court to strike the motions. *Id.*

Christian timely objected to the [49] Report. *See* Obj. [52]. But Horn did not.

II. Standard

When a magistrate judge issues proposed findings of fact and recommendations for resolving a motion, "any party may serve and file written objections to such proposed findings and recommendations" within 14 days after being served a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The district judge reviews de novo any part of a report and recommendation to which a party objects. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1). A clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review governs the remaining portions. *Wilson*, 864 F.2d at 1221. After review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court adheres to some general rules when evaluating a report and recommendation. First, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001). Second, a petitioner cannot "raise a factual objection by merely reurging arguments contained in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (citation modified). Third, the Court need not consider "frivolous, conclusive[,] or general objections." *Battle v. U.S.*

3

*Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (citation modified). Nor must it "reiterate the findings and conclusions of the magistrate judge" when ruling on a report and recommendation. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

III. Analysis

The Court overrules Christian's [52] Objection and adopts the [49] Report.

A. The [52] Objection

In her [52] Objection, Christian claims the Court has federal question jurisdiction under 28 U.S.C. § 1331. So the Court reviews the jurisdictional issue de novo. *See Wilson*, 864 F.2d at 1221.

This Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But because there is currently no operative complaint in this suit, jurisdiction has not been established. Christian has filed or attempted to file four complaints in this case. First, she filed the [1] Complaint. Next, she filed the [13] First Amended Complaint as a matter of course as permitted under Rule 15(a)(1). Fed. R. Civ. P. 15(a)(1). After Horn moved to dismiss and the Court acknowledged the [13] First Amended Complaint's discrepancies, Christian filed the [28, 34] Motions to Amend/Correct the complaint. The Court denied both motions because it was unclear which of the two Christian intended as the operative complaint. *See* [48]. Accordingly, there is no operative complaint on the docket. So Christian has not established that this Court has subject matter jurisdiction over this suit, and the Court cannot address the

4

merits of her case. Therefore, the Court overrules Christian's [52] Objection as to subject matter jurisdiction.

B.  The [49] Report

Horn did not object to the [49] Report, and the time to do so has passed. *See* [49] at 6. The rest of the [49] Report is not clearly erroneous, an abuse of discretion, or contrary to law, so the Court adopts the [49] Report as its opinion.

C.  The Remaining Pending Motions

In its [48] Order, the Court explained that if Christian "does not properly seek leave to amend by March 4, 2026, the Court may enter a final judgment, dismissing the case without further notice." [48] at 4. Christian sought leave to amend and add defendants on March 2. *See* Mots. [53, 54]. Per Local Rule 7, Horn has 14 days after service of a motion to respond to it. *See* L.U. Civ. R. 7(b)(4). So the Court will not rule on the [53, 54] Motions until Horn has had the full opportunity to respond.

IV.  Conclusion

The Court has considered all arguments. Those not addressed would not have altered the Court's decision. For the reasons above, the Court ADOPTS the [49] Report, GRANTS IN PART and DENIES IN PART the [38] Motion, and DENIES the [29, 35] Motions.

SO ORDERED, this 10th day of March, 2026.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE