**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

KIMBERLY MONIQUE CHRISTIAN                                     PLAINTIFF

v.                                         CIVIL ACTION NO. 3:25-cv-357-KHJ-MTP

CAPTAIN STEPHANIE HORN                                         DEFENDANT

**<u>REPORT AND RECOMMENDATION</u>**

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to properly file an amended complaint following the dismissal of her Amended Complaint [13].  For the reasons stated below, the undersigned recommends that this case be dismissed without prejudice.

On May 16, 2025, Plaintiff filed her initial Complaint [1] asserting federal and state claims against Defendant Captain Stephanie Horn with the University of Mississippi Medical Center Police Department.  On July 22, 2025, however, Plaintiff filed an Amended Complaint [13] ditching her federal claims.  Thereafter, Captain Horn filed a Motion to Dismiss [16] arguing that this Court lacked subject matter jurisdiction over the case.

On December 17, 2025, the undersigned entered a Report and Recommendation [27] concluding that the Amended Complaint [13] failed to establish subject matter jurisdiction.  The undersigned recommended that the Motion to Dismiss [16] be granted but that Plaintiff be given 14 days to seek leave to file another amended complaint stating a basis for jurisdiction. *See* [27].

On December 29, 2025, before the Court entered a ruling on the Report and Recommendation [27], Plaintiff filed a Motion for Leave to File Amended Complaint [28] and Motion for Joinder of Additional Parties [30].  In the Motions [28] [30], Plaintiff sought leave to file an amended complaint which would have added as defendants the University of Mississippi Medical Center Police Department and John/Jane Does and would have raised claims for

1

violations of due process rights under the Fourteenth Amendment, retaliation in violation of the First Amendment, unlawful detention in violation of the Fourth Amendment, and *Monell* liability. *See* Proposed Amended Complaint [28-1].

On January 5, 2026, the Court adopted the Report and Recommendation [27], granted the Motion to Dismiss [16], and allowed Plaintiff 14 days to amend her complaint. *See* Order [33]. The Court warned Plaintiff that if she "does not properly seek leave to amend within 14 days, the Court will enter a final judgment, dismissing the case without further notice." *Id*.

On January 12, 2026, before her prior Motions [28] [30] were considered, Plaintiff filed another Motion for Leave to File Amended Complaint [34] and another Motion for Joinder of Additional Parties [36]. Along with her Motion [34], Plaintiff submitted a proposed amended complaint [34-1] which differed from the proposed amended complaint [28-1] submitted along with the Motion [28]. The proposed amended complaint [34-1] would have added the University of Mississippi Medical Center Police Department and John/Jane Does and would have raised claims for due process violations, retaliation, unlawful detention, and *Monell* liability, but it would have also added an equal-protection claim. Additionally, the facts alleged in the two proposed amended complaints differed.

The Court denied the Motions [28] [30] [34] [36], holding that (1) it was not clear which of the two proposed amended complaints Plaintiff wished to be her operative pleading, (2) Plaintiff sought to add improper parties as defendants, and (3) Plaintiff failed to plead sufficient facts showing a plausible constitutional deprivation. *See* Order [48]. The Court, however, granted Plaintiff until March 4, 2026, to seek leave to file an amended complaint. *Id*.

On March 2, 2026, Plaintiff filed a Motion for Leave to File Amended Complaint [53] and a Motion for Joinder of Additional Defendants [54]. In Motion [53], Plaintiff sought leave to

file an amended complaint raising claims for due process violations, retaliation, unlawful seizure, and equal protection violations against Defendant Horn only.  In Motion [54], however, Plaintiff moved to add eight additional defendants, including the University of Mississippi Medical Center Police Department.[1]

Then, on March 31, 2026, with her prior Motion for Leave to File Amended Complaint [53] still pending, Plaintiff filed yet another Motion for Leave to File Amended Complaint [60]. In Motion [60], Plaintiff sought leave to file an amended complaint asserting claims against Horn and three additional defendants.

On April 3, 2026, the Court denied the Motion for Leave to File Amended Complaint [60] and the Motion for Joinder of Additional Defendants [54]. *See* Orders [65] [66].  The Court explained that Plaintiff did not submit a proposed amended pleading along with her Motion for Joinder of Additional Defendant [54] as required by Local Rule 15 or otherwise allege any specific facts against the proposed new defendants. *See* Order [66].  As for the Motion to Amend [60], the Court explained that it was filed after the deadline for doing so set by Order [48], and Plaintiff neither requested an extension of that deadline nor presented any good cause to extend the deadline. *See* Order [65].

The Court, however, granted the Motion for Leave to File Amended Complaint [53] and directed Plaintiff to file her amended complaint in the form attached to Motion [53] on or before April 10, 2026. *See* Order [66].

---

[1] Plaintiff sought to add the University of Mississippi Medical Center Police Department despite that fact that in its prior Order [48] denying Plaintiff's Motion for Leave to File Amended Complaint [28] and Motion for Joinder of Additional Parties [30], the Court explained that the police department is not a proper party defendant as it is not a separate legal entity.

On April 6, 2026, Plaintiff filed an Amended Complaint [67], but it was *not* in the form of the proposed amended complaint attached to the Motion for Leave to File Amended Complaint [53], which the Court granted.  Instead, the Amended Complaint [67] was similar to the proposed amended complaint attached to the Motion for Leave to File Amended Complaint [60], which the Court *denied*.  Thus, Plaintiff was not granted leave to file the Amended Complaint [67], and the Court entered an Order [68] striking it.  The Court also reminded Plaintiff that the deadline to file her amended complaint in the form attached to Motion [53] remained April 10, 2026. *See* Order [68].

Thereafter, Plaintiff filed another Amended Complaint [69].  This Amended Complaint [69], like the last one, was similar to the amended complaint attached to the Motion [60] which the Court denied and not in the form of the proposed amended complaint attached to the Motion [53] which the Court granted.  Thus, the Court struck the Amended Complaint [69]. *See* Order [74].

The upshot of this summary of the case history is that there has been no operative complaint in this action since January 5, 2026, when the Court granted Defendant's Motion to Dismiss [16].  When it dismissed Plaintiff's Amended Complaint [13] due to a lack of subject matter jurisdiction, the Court gave Plaintiff fourteen days to properly seek leave to amend and warned her that if she failed to do so the court would enter a final judgment. *See* Order [33].

Plaintiff has been given multiple opportunities and more than three months to properly file an amended complaint, but she has failed to do so.  "At some point, a court must decide that a plaintiff has had fair opportunity to make h[er] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).  Here, Plaintiff has had a fair opportunity to establish subject matter

jurisdiction, and she has not done so.  Thus, this action should be dismissed without prejudice. *See Inmobiliaria Buda S. de R.L.de C.V. v. Brown*, 2022 118425, at *2 (5th Cir. Jan. 11, 2022) ("because Plaintiffs once amended their complaint and later failed to file their second amended complaint as ordered by the district court, we find no abuse of discretion in the court's decision to dismiss"); *Brashear v. Panini Am., Inc.*, 2020 WL 13413474, at *8 (N.D. Tex. May 21, 2020) ("dismissal without prejudice under Rule 12(b)(1) is appropriate, as Plaintiffs have not satisfied their burden of pleading facts to support jurisdiction even though they had a fair opportunity to do so"); *Backal v. Wells Fargo*, 2011 WL 5999044, at *3 (E.D. Tex. Nov. 3, 2011) ("Because Plaintiff has previously been afforded both the opportunity and ample time to amend, but elected not to do so, this Court exercises its discretion to dismiss Plaintiff's claims").

Additionally, this action should be dismissed for Plaintiff's failure to comply with Court orders.  On April 3, 2026, the Court directed Plaintiff to file her amended complaint in the form attached to Motion [53] on or before April 10, 2026. *See* Order [66].  Plaintiff did not file that amended complaint but, instead, filed a pleading which the Court had not granted her leave to file.  Thus, the Court struck that pleading and warned Plaintiff she had until April 10, 2026, to file the appropriate amended complaint. *See* Order [68].

Thereafter, Plaintiff defied the Court's Order [68] and again filed a pleading which the Court had not granted her leave to file.  The Court struck that pleading as well.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)).  The Court need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear [its] calendar[ ] of cases

that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."

*Link*, 370 U.S. at 630.  This inherent authority arises from the Court's need to "manage [its] own

affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31.

The Court has given Plaintiff multiple chances to file an appropriate amended complaint.

Plaintiff has failed to do so and, instead, has flouted the orders of this court.  As a result, there

has been no operative complaint in this action for nearly four months.

**RECOMMENDATION**

As Plaintiff has failed to file an amended complaint by the deadline to do so and has

failed to comply with the Court's orders, the undersigned recommends that this matter be

DISMISSED without prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being

served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing

party.  The District Judge at that time may accept, reject or modify in whole or in part, the

recommendation of the Magistrate Judge, or may receive further evidence or recommit the

matter to this Court with instructions.  Failure to timely file written objections to proposed

findings, conclusions, and recommendations contained in this report will bar an aggrieved party,

except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 1st day of May, 2026.

s/ Michael T. Parker_____
United States Magistrate Judge

6
