UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIMBERLY MONIQUE CHRISTIAN                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 3:25-CV-357-KHJ-MTP

CAPTAIN STEPHANIE HORN                                       DEFENDANT

ORDER

Before the Court are five motions filed by pro se Plaintiff Kimberly Monique

Christian ("Christian")—[81] Motion for Extension of Time, [82] Motion for Leave to

File Proposed Corrected Unified Second Amended Complaint, [87] Motion to Reopen

Case, [89] Motion for Relief from Deadlines, and [91] Motion for Leave. For the

reasons below, the Court denies them all.

The Court dismissed this case on May 18, 2026, for lack of an operative

complaint and because Christian failed to comply with court orders. *See* Order [77]

at 1–2; Final J. [78]. Ten days later, Christian began filing various motions seeking

to reopen the case.

Federal Rule of Civil Procedure 60 allows the Court to relieve a party from a

final judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "To

obtain relief under Rule 60(b)(6), the movant must show 'extraordinary

circumstances' justifying the reopening of a final judgment." *Preyor v. Davis*, 704 F.

App'x 331, 342 (5th Cir. 2017).

Christian insists that she failed to comply with court orders because (1) she has a medical condition that affects her ability to follow the Court's instructions, (2) she was hospitalized and therefore unable to file her documents, and (3) she is a pro se plaintiff. *See, e.g.,* Mot. [81] at 1; Mot. [82] at 1; Mot. [87] at 2. None of these excuses constitute extraordinary circumstances to warrant reopening the case.

Start with her alleged medical condition. Her only proof is a doctor's note dated January 22, 2025. The doctor explains that Christian had surgery around that time and should be allowed to wear loose clothing and keep snacks available at work. Doctor's Note [85-4]. But Christian filed this lawsuit in May 2025, and she started disobeying court orders in early 2026. *See* Compl. [1]; R. & R. [75] at 2 (explaining the timeline of Christian's noncompliance). So the doctor's note from a year earlier is irrelevant. And the doctor's orders to wear loose clothing and keep snacks nearby do not illustrate a medical condition affecting Christian's ability to file an amended complaint.

Next, the Court considers Christian's claim that she was "hospitalized and receiving urgent medical treatment during the relevant periods and was physically unable to adequately monitor or respond to filings in this matter." [87] at 1. The problem with this argument is that Christian *was* responding to filings in this matter. *See, e.g.*, Mot. for Leave to File Am. Compl. [53] (timely response to the Court's [48] Order to file amended complaint). She just failed to follow the Court's instructions in those responses. What's more, the day before Christian started filing the pending motions in this case, she filed a new lawsuit before this Court in a 15-

2

page complaint. *See Christian v. Walker*, No. 3:26-CV-376-KHJ-MTP. So the Court is not convinced that Christian was experiencing a medical emergency that prevented her from filing documents.

Lastly, Christian asks the Court to excuse her failure to comply with court orders because she "is a non-attorney pro se litigant with no formal legal education or litigation training." [82] at 1. Christian's pro se status does not excuse her from following the Federal Rules of Civil Procedure and the Court's orders. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013). If she needed more time to respond to the Court's orders, she should have filed a motion for extension of time. If she could not understand the Court's instructions, she should have sought clarification or consulted with an attorney. Her failure to do so is not grounds to reopen the case.

For these reasons, the Court denies the [81, 82, 87, 89, 91] Motions. In doing so, the Court has considered all arguments. Those not addressed would not have altered the Court's decision. This case remains closed.

SO ORDERED, this 9th day of June, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

3